## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE,<br>100 Erie Insurance Place<br>Erie, Pennsylvania 16530-1104<br><br>                          Plaintiff,<br><br>        v.<br><br>GREENWICH INSURANCE COMPANY,<br>70 Seaview Avenue<br># 7<br>Stamford, Connecticut 06902<br><br>                          Defendant. | CIVIL ACTION<br><br><br>No. _____<br><br><br><br><br><br>**NOTICE OF REMOVAL** |

**TO:    HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ON NOTICE TO:**

*Prothonotary,* Court of Common Pleas, Philadelphia County, Pennsylvania
First Judicial District of Pennsylvania
City Hall, Room 284
Philadelphia, PA 19107

Allan C. Molotsky, Esquire
Fowler Hirtzel McNulty & Spaul
2000 Market Street
Suite 550
Philadelphia, PA 19103
*Attorney for Plaintiff*

## DEFENDANT'S NOTICE OF REMOVAL

### Background and Parties

Defendant files this notice of removal under 28 U.S.C. §1446(a).

1.      Plaintiff is Erie Insurance Exchange ("Erie").

2.      Defendant is Greenwich Insurance Company ("Greenwich").

3.      On November 30, 2015, Erie filed a suit in the Court of Common Pleas of Philadelphia County, Pennsylvania, in a three count complaint under theories of Breach of Contract / Equitable Subordination (Count II), Equitable Contribution and Indemnification (Count III), and declaratory judgment (Count I) alleging that both Erie and Greenwich insured the same risk on which Erie paid defense and indemnity, and Greenwich did not.  As a result, Erie asks this court to rule that Greenwich had a duty to defend and indemnify for the risk, and that Erie is entitled to 50% of the funds Erie expended to defend and indemnify the risk.[1]  (See Compl., at Ex. A.)

4.      Defendant Greenwich files this notice of removal within 30 days of service of the suit as required by 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 6(a)(1).

### Basis for Removal to Federal Court

5.      Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs, as set forth below. See 28 U.S.C. § 1332(a).

---

[1] Whether Greenwich, in fact, did insure the risk, and owed a duty to defend and indemnify against the risk, is an issue that has long been before this Court and in which this Court repeatedly ruled in Greenwich's favor. See Stephen B. Koons v. XL Ins. Am. Inc., et al, Case No. 2-11-cv-02956.

6.    Greenwich is a corporation.   Relevant to the above captioned matter against Greenwich, the law provides that a corporation is considered a citizen of (1) every state in which it is incorporated; and (2) the U.S. state in which it has its principal place of business (nerve-center test).   28 U.S.C. §1332(c)(1).   Greenwich is incorporated under the laws of Delaware. Greenwich's high level officers direct, control, and coordinate Greenwich's activities at Greenwich's headquarters located at 70 Seaview Avenue # 7, Stamford, CT 06902.   (See Declaration of Julian Brown, Ex. B.)   As a result, under the precepts of 28 U.S.C. §1332(c)(1), Defendant Greenwich can be considered to be a citizen of either the State of Delaware or the State of Connecticut.[2]

7.    Erie is a citizen of the Commonwealth of Pennsylvania.   (See Compl. at ¶ 1) ("Erie is a reciprocal insurance exchange organized under the Insurance Company Laws of the Commonwealth of Pennsylvania.").   "As an unincorporated association, a reciprocal insurance exchange is considered to have the citizenship of its members for diversity purposes in federal court." True v. Robles, 571 F.3d 412, 422 n. 2 (5th Cir. 2009).   Arguably, Erie's insureds are included in its membership. See Davis Const. Corp. v. Erie Ins. Exch., 953 F.Supp.2d 607 (D.

---

[2] Under the Diversity Statute, the citizenship of an insurance company may be expanded in a "direct action" suit against an insurer.  See 28 U.S.C. § 1332(c)(1)(A)-(C).   However, that exception does not apply here because Erie's complaint against Greenwich – an insurer vs. insurer dispute - is not a "direct action."   As a general proposition, a "direct action" suit is one in which an injured plaintiff/claimant directly sues a liability insurance company without naming as a defendant the insured party/tortfeasor whose negligence or other wrongdoing gave rise to the claim by the injured party.  See, e.g., Apalucci v. Agora Syndicate, 145 F.3d 630, 633 (3d Cir. Pa. 1998).   Specifically, under Pennsylvania law, a direct action may only be brought by an injured plaintiff/claimant and only under circumstances involving the insured party/tortfeasor's insolvency. See Pennsylvania Insurance Insolvency Act, 40 P.S. § 117; Kollar v. Miller, 176 F.3d 175, 181 (3d Cir. 1999).   Accordingly, Erie's claims against Greenwich for breach of contract, equitable subrogation, equitable contribution and indemnification, and declaratory judgment do not fall within the "direct action" exception to the general rules of corporate citizenship under 28 U.S.C. § 1332(c)(1).

Md. 2013).  Under this analysis, Erie is a citizen of Pennsylvania.  Erie is not licensed to sell to insureds in either Delaware or Connecticut.   (See States of Operation, ERIE INSURANCE, https://www.erieinsurance.com/states-of-operation (last visited January 4, 2016), Ex. C.)   As a result, Erie cannot be said to be a citizen of either Delaware or Connecticut and there is complete diversity of parties, for the purpose of removal to federal court.

8.       Erie alleges that it issued $1,125,000 in payment of indemnity for the risk that underlies this matter.  (See Compl. at ¶ 59.)  Under three counts, Erie asks the state court for an order directing Greenwich to pay Erie 50% of the amount that Erie paid in indemnity *and* defense for that risk.  (See Compl. at ¶¶ 80(5); 85(5); 91(5)).  This amount exceeds the minimum amount in controversy required for this Court to exercise jurisdiction.  See 28 U.S.C. §1332(a).[3]

9.       Copies of all pleadings, process, orders, and other filings made in the Court of Common Pleas of Philadelphia County, which is the state court where this matter originated, are attached to this Notice, as required by 28 U.S.C. § 1446(a).  See Ex. A.

10.      Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

11.      Defendant Greenwich will promptly file a copy of this notice of removal with the prothonotary of the state court where the suit has been pending.

12.      Plaintiff Erie did not demand a jury in the state court suit.

---

[3] The amount in controversy is met for all of Erie's claims including Erie's claim for declaratory relief.   (See Complaint at ¶¶ 60-85.)  In a suit seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation, the extent of injury to be prevented, or the value of the right to be protected. See Farkas v. GMAC Mortg., L.L.C., 737 F.3d 338, 341 (5th Cir. 2013).

13.    By service of this Notice of Removal, Greenwich provides written notice of this filing to counsel for Plaintiff Erie, as required by 28 U.S.C. § 1446(a).

14.    For these reasons, and under the authority of 28 U.S.C. §§ 1332, 1441 and 1446, Greenwich Insurance Company asks the Court to remove the suit to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted this 4th day of January, 2016,

**KAUFMAN DOLOWICH & VOLUCK LLP**

By: _Anne R. Myers_
Anne R. Myers, Esquire
Gregory F. Brown, Esquire
1777 Sentry Park West
Veva 17, Suite 100
Blue Bell, PA 19422
(215) 461-1100 (phone)
(215) 461-1300 (fax)
amyers@kdvlaw.com
gbrown@kdvlaw.com
*Attorneys for Defendant,*
*Greenwich Insurance Company*