IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE,<br><br>*Plaintiff*,<br><br>v.<br><br>GREENWICH INSURANCE COMPANY,<br><br>*Defendant*. | CIVIL ACTION<br>No. 16-00015 |

## MEMORANDUM

**PAPPERT, J.**                                                                                                                   **April 11, 2016**

On November 30, 2015, Plaintiff Erie Insurance Exchange ("Erie") filed a complaint in the Court of Common Pleas of Philadelphia County alleging that both it and Defendant Greenwich Insurance Company ("Greenwich") insured the same risk on which Erie paid defense and indemnification costs, but Greenwich did not. (*See generally* Pl.'s Compl., ECF No. 1 at Ex. A.) As a result, Erie seeks a finding that Greenwich had a duty to defend and indemnify for the risk, and that Erie is entitled to fifty-percent of the funds it expended. On January 4, 2016, Greenwich removed the complaint to this Court. (*See generally* Def.'s Notice of Removal, ECF No. 1.) Erie filed a motion to remand and contends that the Court lacks diversity jurisdiction because Erie and Greenwich are both citizens of Connecticut. (*See* Pl.'s Mot. to Remand at 2, ECF No. 8-2; *see also* Pl.'s Reply at 1, ECF No. 15.) In response, Greenwich argues that Erie has not sufficiently established that it is a citizen of Connecticut. (*See* Def.'s Resp. at 2–3, ECF No. 11-1; *see also* Def.'s Sur-Reply. at *7, ECF No. 22.) For the reasons that follow, the Court grants Erie's motion.

1

**I.**

Erie's complaint against Greenwich relates to a civil action previously adjudicated before our Court in *Koons v. XL Insurance America, Inc.*, No. 11-2956, 2012 WL 194825 (E.D. Pa. May 30, 2012) and *Koons v. XL Insurance America, Inc.*, No. 11-2956, 2013 WL 5298581 (E.D. Pa. Sept. 19, 2013), and the respective appeals in *Koons v. XL Insurance America, Inc.*, 516 F. App'x 217 (3d Cir. 2013) and *Koons v. XL Insurance America, Inc.*, 620 F. App'x 110 (3d Cir. 2015). Greenwich was a defendant in those actions; Erie was not. While our Court's September 19, 2013 judgment was on appeal, Erie sought to substitute itself as the appellant. *See Koons*, 620 F. App'x at 111–12. Greenwich opposed Erie's motion. The Third Circuit Court of Appeals denied the motion and vacated our Court's September 19, 2013 judgment. *Id.* at 114.

Approximately five months after the Third Circuit's decision, Erie filed this complaint in the Common Pleas Court, seeking (1) declaratory judgment, (2) breach of contract/equitable subrogation and (3) equitable contribution and indemnification. (*See* Pl.'s Compl. ¶¶ 60–91.)

**II.**

A civil action brought in a state court may be removed to the district court in the district where the state action is pending if the district court had original jurisdiction over the case. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity statutes "must be narrowly construed," so that the congressional intent to restrict federal diversity jurisdiction is honored. *Packard v. Provident Nat. Bank*, 944 F.2d 1039, 1044 (3d Cir. 1993).

Generally, a defendant must file a notice of removal within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). If at any time before entry of final judgment, it appears

that a district court lacks jurisdiction over an action that has been removed from a state court, the district court must remand the action. 28 U.S.C. § 1447(c). The removing party bears the burden of demonstrating that the district court has jurisdiction.[1] *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 292, 396 (3d Cir. 2004).

Any doubts as to the propriety of removal are resolved in favor of remand. *See Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). When ruling on a motion to remand, courts may make certain factual findings. In making those findings, courts may rely on affidavits and other documents. *See DiMichelle v. Sears & Roebuck Co.*, No. 97-6470, 1997 WL 793589, at *2 (E.D. Pa. Dec. 5, 1997); *see also Russo v. Abington Memorial Hosp.*, 881 F. Supp. 177, 181 (E.D. Pa. 1993).

## III.

28 U.S.C. Section 1332 gives federal district courts original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). The statute is understood as requiring "complete diversity between all plaintiffs and all defendants." *See Lincoln Prop. Co.*, 546 U.S. at 89. Absent some other basis for jurisdiction, "no plaintiff [may] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

---

[1] Greenwich's response and sur-reply construe Erie's motion to remand as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). (*See* Def.'s Resp. at 1, 5, 11; *see also* Def.'s Sur-Reply at *7.) This is incorrect. Erie's motion is to remand the case under 28 U.S.C. Section 1447(c). Greenwich—and not Erie—removed the case and therefore bears the burden of demonstrating that this court has jurisdiction. *See Judon*, 773 F.3d at 500; *see also Samuel-Bassett*, 357 F.3d at 396.

Most rules of citizenship are relatively straightforward. "'A natural person is deemed to be a citizen of the state where he is domiciled. A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419).

Unlike corporations, however, unincorporated associations "are not considered 'citizens' as that term is used in the diversity statute." *Id.* at 105 (quoting *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008)). Rather, the citizenship of unincorporated associations is determined by "'the citizenship of [their] partners or members.'" *Lincoln Ben. Life Co.*, 800 F.3d at 105 (quoting *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420). The state of organization and the principal place of business of an unincorporated association are legally irrelevant. *Id.* (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990); *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348 (3d Cir. 2013)).

The Supreme Court of the United States recently reiterated this analysis in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016). "While humans and corporations can assert their own citizenship, other entities take the citizenship of their members." *Id.* at 1014. "For these unincorporated entities, we . . . have 'adhere[d] to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its] members.'" *Id.* at 1015 (quoting *Carden*, 494 U.S. at 195–96).

**IV.**

Greenwich is a corporation. (Notice of Removal ¶ 6.) It is incorporated in Delaware and has its principal place of business in Connecticut. (*Id.*) ("Greenwich's high level officers direct, control, and coordinate Greenwich's activities at Greenwich's headquarters located at 70

Seaview Avenue # 7, Stamford, CT  06092.")  Therefore, Greenwich is a citizen of Delaware and Connecticut.

Erie, on the other hand, is not a corporation.  (*Id.* ¶ 7.)  It is a "reciprocal insurance exchange organized under the Insurance Company Laws of the Commonwealth of Pennsylvania." (Pl.'s Compl. ¶ 1.)  Moreover, Erie is an "unincorporated association" that is controlled by its subscribers or policyholders.  (Notice of Removal ¶ 7.)  Its citizenship therefore depends on the citizenship of its members.[2]  *See, e.g.*, *Erie Ins. Exch. v. Research Prods. Corp.*, No. 15-240, 2016 WL 1238811, at *1 (W.D. Pa. Mar. 30, 2016) ("'Courts have long recognized that reciprocal exchange insurance associations . . . do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member.'") (quoting *Themis Lodging Corp. v. Erie Ins. Exch.*, No. 10-0003, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010)); *First Colonial Ins. Co. v. Custom Flooring, Inc.*, No. 06-3998, 2007 WL 1175759, at *2 (D.N.J. Apr. 17, 2007) ("The citizenship of unincorporated associations, such as reciprocal insurance associations, is the citizenship of each of its members."); *George H. Draper, III, Inc. v. Canners Exch. Subscribers at Warner Inter-Ins. Bureau*, 294 F. Supp. 1362, 1363 (D. Del. 1968) (holding that plaintiff, a reciprocal insurance exchange, derives its citizenship from that of its members).

Erie attached a sworn declaration of Gregory Kuntz ("Kuntz"), Erie's Vice President and Claims Manager, to its motion for remand and a sworn declaration of Allan C. Molotsky ("Molotsky"), Erie's counsel, to its reply.[3]  (*See* Pl.'s Mot. to Remand at Ex. A ¶ 1; *see also* Pl.'s

---

[2] In Greenwich's notice of removal and response, it states that "Erie is not licensed to sell to insureds in either Delaware or Connecticut" and therefore it "cannot be said to be a citizen of either Delaware or Connecticut and there is complete diversity of parties, for the purpose of removal to federal court." (Def.'s Notice of Removal ¶ 7; *see also* Def.'s Resp. at 2.)  As explained *supra*, this is not the legal standard for evaluating the citizenship of an unincorporated entity like Erie.  *See Americold Realty Trust*, 136 S. Ct. at 1015.

[3] The Court may rely on these affidavits and other documents in rendering its decision.  *See DiMichelle*, 1997 WL 793589, at *2; *see also Russo*, 881 F. Supp. at 181.

Reply at Ex. A ¶ 1.)  Kuntz's declaration states that "[a]lthough Erie Insurance Exchange does not issue policies of insurance in Connecticut, Erie Insurance Exchange has subscribers, i.e., policyholders, who are citizens of Connecticut." (Pl.'s Mot. to Remand at Ex. A ¶ 12.)

Molotsky's declaration states that he "confirmed that Erie has 333 policies of insurance issued to subscribers, i.e., policyholders, with mailing addresses in Connecticut." (Pl.'s Reply at Ex. A ¶ 5.)  His declaration specifically references one such subscriber, Westberg Flooring, Inc. ("Westberg"). (*Id.* ¶ 6–7.)  Westberg is a corporation that is incorporated in Connecticut. (*Id.*) It is therefore a citizen of Connecticut. *See Lincoln Benefit Life Co.*, 800 F.3d at 104; *see also Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419.  As Westberg is one of Erie's subscribers or policyholders, it follows that Erie is a citizen of Connecticut.[4] *See Americold*, 136 S. Ct. at 1015; *see also Carden*, 494 U.S. at 195–96.  Both Erie and Greenwich are citizens of Connecticut. This Court lacks diversity jurisdiction over the matter.

## V.

An order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S. § 1447(c).  Such an award is therefore within the court's discretion. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).  Erie argues that it should be awarded "its costs and actual expenses, including attorney fees, incurred as a result of Greenwich's improper removal." (Pl.'s Mot. to Remand at 6.)  The Court exercises its discretion to not award Erie its costs and fees, and finds that remanding the case is a sufficient remedy.  An appropriate order follows.

---

[4] In fact, Greenwich's response to Erie's Rule 43(a) motion in *Koons v. XL Insurance America, Inc.*, 620 F. App'x 110 (3d Cir. 2015), argued that Erie's substitution would destroy complete diversity as "Erie and Greenwich are non-diverse citizens of Connecticut." (Pl.'s Mot. to Remand at Ex. B ¶ 12.)

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.